IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARL CONEY, JR.,                )
                                )
        Plaintiff,               )
                                )
        v.                       )
                                )  No. 14 C 3098
                                )
CSX INTERMODAL TERMINALS, INC., )
                                )
        Defendant.               )
                                )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On March 5, 2014, Plaintiff Earl Coney, Jr. ("Mr. Coney") filed a three-count complaint in the Circuit Court of Cook County, Illinois (Dkt. No. 1-1, Ex. A) (cited as "Compl.") against his former employer Defendant CSX Intermodal Terminals, Inc. ("CSX"). On April 29, 2014, CSX removed the case to this court (Dkt. No. 1). Mr. Coney did not seek remand. The court has proper subject matter jurisdiction.

On May 5, 2014, CSX moved to dismiss all three counts of Mr. Coney's complaint for failure to state a claim (Dkt. No. 5). That motion has been briefed but, unfortunately, not as to all key issues.

Mr. Coney in his complaint contends that he suffers from sleep apnea, a disability that allegedly caused him to fall asleep on the job and caused him to show up late for work at CSX. (Compl. ¶ 8-10.) Mr. Coney alleges his tardiness was because CSX refused to accommodate his request to be moved from the work shift that started at 5:00 a.m. to a different shift. (*Id*. ¶¶ 9-13.) After CSX's refusal to accommodate Mr. Coney's request to be moved to a different shift, Mr.

Coney's work-related difficulties allegedly due to his sleep apnea persisted. CSX terminated Mr. Coney's employment on December 12, 2012. (*Id.* ¶¶ 16-22.)

In Count I, Mr. Coney alleges his discharge was impermissibly based on his African-American race, in violation of the Illinois Human Rights Act (the "IHRA"), 775 ILCS § 5/1-101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Compl. ¶¶ 23-26.) In Count II, Mr. Coney alleges that CSX violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 121101 *et seq.*, by failing to provide him a reasonably requested accommodation. (*Id.* ¶¶ 27-29.) In Count III, Mr. Coney alleges his discharge was impermissibly based on his disability, in violation of the IHRA and the ADA. (*Id.* ¶¶ 31-32.)

CSX argues in its "Motion to Dismiss All Claims in Plaintiff's Complaint" (Dkt. No. 5, "Motion to Dismiss"), and supporting memorandum (Dkt. No. 6, "Def.'s Mem.") that all of Mr. Coney's claims must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because Mr. Coney filed his discrimination charge with the United States Equal Employment Opportunity Commission (the "EEOC") past the deadline for Mr. Coney to do so. (*Id.* at 4.)

I.  The IHRA Allegations in Counts I and III Were Untimely and Must Be Dismissed.

Mr. Coney's IHRA allegations in Count I and III were clearly untimely filed administratively, and the court interprets CSX's arguments to assert that position. Illinois law allows 180 days from the alleged act of discrimination for filing the required administrative claim, s*ee*, 775 ILCS § 102(A)(1). In Mr. Coney's case, the last act of alleged CSX discrimination happened on Mr. Coney's discharge date, December 12, 2012. Mr. Coney's IHRA claims expired one hundred and eighty days thereafter, on May 11, 2013. *See, e.g., Zayadeen v. Abbott Molecular, Inc.*, No. 10-4621, 2013 WL 361726, at *7 (N.D. Ill. Jan. 30,

2013) (Feinerman, J.) (dismissing IHRA claim, because "[t]he statute of limitations for filing an IHRA charge is 180 days, not 300 days"); *Despot v. Combine Ins. Co. of Am.*, No. 03-7130, 2004 WL 1088361, at *1 (N.D. Ill. May 12, 2004) (Zagel, J.) (substantially similar), and should be dismissed with prejudice. Viewing the facts and the law in Mr. Coney's favor, the earliest Mr. Coney filed anything with any governmental administrative body was September 27, 2013, when Mr. Coney presented an EEOC Intake Questionnaire to the EEOC. This was well after the May 11, 2103, date on which Mr. Coney's IHRA claims expired.

II.  The ADA Failure to Accommodate Claim in Count II Was Untimely Filed and Must Also Be Dismissed.

According to his complaint, Mr. Coney's ADA accommodation request was clearly refused in April 2012, when CSX refused him leave under the Family Leave Act and kept him on the 5:00 a.m. shift. For this court to hold otherwise would require the court to apply the continuing violation doctrine, which the law does not support.

The Seventh Circuit has defined a continuing violation as one "that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. Univ. of Wisc. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997).

In the Seventh Circuit, there are three recognized types of discriminatory violations that are considered to be continuing so as to invoke the continuing violation doctrine: (1) "where the exact day of the violation is difficult to pinpoint because the employer's decision making process takes place over a period of time"; (2) "where the employer has a systematic, openly espoused policy alleged to be discriminatory"; and (3) "where the employer's discriminatory conduct is so covert that its discriminatory character is not immediately apparent." *Place v. Abbott Labs.*, 215 F.3d 803, 808 (7th Cir. 2000).

Under the continuing violation doctrine, a plaintiff may only obtain relief for a time-barred act if the act is linked by another occurring within the limitations period. *See, e.g., Shanoff v. Ill. Dept. Human Services*, 258 F.3d 696, 703 (7th Cir. 2001). Plaintiffs are also not permitted to circumvent the limitations period by manufacturing an incident within the limitations period and then attempting to link it back to an untimely incident. *See Mendez v. City of Chicago*, No. 03-8182, 2004 WL 2980598, at *3 (N.D. Ill. Dec. 22, 2004) (Der-Yeghiayan, J.) (compiling cases). Finally, if "a pattern of" wrongdoing "spreads out" "and is evident long before the plaintiff sues", a plaintiff "cannot reach back and base her suit on conduct that occurred outside the statute of limitations." *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999); *see also EEOC v. Graphic Packaging Int'l, Inc.*, No. 12-6371, 2013 WL 3321606 (N.D. Ill. July 1, 2013) (Leinenweber, J.) (holding "[a] refusal to accommodate under the ADA is a discrete act" and "the continuing violation doctrine . . . does not apply").

Even assuming an ADA failure to accommodate claim could constitute a continuing violation, the continuing violation doctrine still does not save Count II in Mr. Coney's complaint. Two of the three circumstances recognized in the Seventh Circuit as continuing violations are clearly not applicable. Mr. Coney does not allege that CSX had a systematic and open policy of denying requests for accommodation, and Mr. Coney does not allege that CSX's denial of Mr. Coney's request for an accommodation was covert conduct by CSX. *Place*, 215 F.3d at 808. The only recognized continuing violation Mr. Coney attempts to allege is that the exact date of CSX's violation is difficult to pinpoint, because CSX's decision making process took place over time. *Id*. Mr. Coney essentially adopts this position by arguing the only date he was certain CSX denied his request for accommodation was December 12, 2012, the date Mr. Coney was terminated. (Pl's Resp. at 3-5.)

In his complaint, however, Mr. Coney concedes that he was aware no later than April 2012 that CSX would not provide the requested accommodation, because Mr. Coney sought alternative relief for his sleep apnea, namely Mr. Coney's requested FMLA leave. (*Compare* Compl. ¶¶ 11-13 (allegations Mr. Coney requested a shift change accommodation in 2011 and 2012) *and* Compl. ¶ 14 (allegation that Mr. Coney applied for FMLA leave in April 2012).) *See. e.g., Shanoff*, 258 F.3d 696 (7th Cir. 2001) (holding continuing violation theory must fail where conduct "becomes sufficiently palpable that a reasonable person would realize he had a substantial claim"). Because Mr. Coney's complaint alleges he had notice of CSX's denial in April 2012, the time for him to file a timely administrative claim with the EEOC began at that time and expired in late February 2013.

III. The Effect of the September 27, 2013 EEOC Intake Questionnaire Needs Further Briefing.

Counts I and III of Mr. Coney's complaint also purport to claim that CSX violated the ADA by discharging Mr. Coney on December 12, 2013.

The 300-day EEOC administrative filing deadline for discrimination that occurred on December 12, 2012 is October 8, 2013. Mr. Coney filed his formal EEOC charge on October 29, 2013, which was 21 days too late. Mr. Coney, however, attached to his Response (Dkt. No. 12-1) an EEOC Intake Questionnaire purportedly presented to the EEOC by or for him on September 27, 2013.

The issue and the facts surrounding this September 27, 2013 submission were not fully explored in counsel's prior briefing due to the fact that Mr. Coney raised it for the first time in his Response. The court has not had the benefit of the parties' counsel's briefing. The issue that needs briefing is:

5

Whether Mr. Coney's September 27, 2013 EEOC Intake Questionnaire is a sufficient filing with the EEOC to meet the 300-day deadline?

In addressing this issue in further briefing, the court invites counsel to review the following precedential legal authority this court must follow, as well as other legal authority: *Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and *Philbin v. Gen. Elec. Capitol Auto Lease, Inc.,* 929 F.2d 3221 (7th Cir. 1991). Dates for such briefing are set in the conclusion

## **CONCLUSION**

For the reasons stated above, Defendant CSX's Motion to Dismiss (Dkt No. 5) is granted with prejudice as to Plaintiff's IHRA claims in Count I and III and granted as to Count II in its entirety. CSX's Motion to Dismiss (Dkt. No. 5) is denied, at this time, as to Plaintiff's ADA wrongful discharge claims in Counts I and III. "Plaintiff's Brief in Further Response as to the Effect of the September 27, 2012 EEOC Intake Questionnaire" is due 9/11/14 and "Defendant's Reply as to the Effect of the September 27, 2013 EEOC Intake Questionnaire" is due 9/25/14. The parties are strongly encouraged to discuss settlement, and if no settlement is reached the court will rule electronically.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

Date: August 28, 2014